Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>KAREN ULBRICHT, individually and as the personal representative of the ESTATE OF ROBERT P. ULBRICHT, HEIDE ULBRICHT, ROBERT S. ULBRICHT AND PM NORTHWEST, INC.,<br><br>       Defendants. | CASE NO. 2:20-CV-00369-JLR<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

STIPULATED PROTECTIVE ORDER - 1
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. The parties further acknowledge that this Order does not constitute or effect a waiver of any party's right to object to discovery requests or the discoverability of information or documents sought in this matter.

2. "CONFIDENTIAL MATERIAL"

"Confidential Material," for purposes of this Order, shall include the following documents and tangible things produced or otherwise exchanged: discovery material that is not in the public domain and that contains any confidential financial information, competitively sensitive proprietary information, information that any party believes in good faith reflects trade secrets, or other non-public information that, if disclosed, could damage an existing or potential customer, client, or investor relationship.

3. SCOPE

The protections conferred by this Order cover not only Confidential Material (as defined above), but also: (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1      4.2     <u>Disclosure of Confidential Material</u>. Unless otherwise ordered by the Court or
2 permitted in writing by the designating party, a receiving party may disclose any Confidential
3 Material only to:

4              (a)     the receiving party's counsel of record in this action, as well as employees
5 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6              (b)     the officers, directors, and employees (including in-house counsel) of the
7 receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties
8 agree that a particular document or material produced is for Attorney's Eyes Only and is so
9 designated;

10             (c)     the receiving party's reinsurers, retrocessionaires, regulators, or
11 government agencies to whom reporting obligations are owed, and the receiving party's auditors
12 and accountants.

13             (d)     experts and consultants to whom disclosure is reasonably necessary for this
14 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15             (e)     the Court, court personnel, and court reporters and their staff;

16             (f)     copy or imaging services retained by counsel to assist in the duplication of
17 Confidential Material, provided that counsel for the party retaining the copy or imaging service
18 instructs the service not to disclose any Confidential Material to third parties and to immediately
19 return or destroy, as appropriate, all originals and copies of any Confidential Material;

20             (g)     during their depositions, witnesses in the action to whom disclosure is
21 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
22 (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.  If
23 deposition testimony or exhibits to depositions reveal Confidential Material, the front page of the
24 deposition transcript shall include the disclaimer, "Contains Confidential Material Subject to
25 Protective Order";

26

STIPULATED PROTECTIVE ORDER - 3
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>. Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Confidential Material designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.     DESIGNATING CONFIDENTIAL MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

STIPULATED PROTECTIVE ORDER - 4
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this Order must be clearly so designated as Confidential Material before or when the material is disclosed or produced.

(a)   <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings). The designating party must affix the word "CONFIDENTIAL MATERIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualify for protection, the designating party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential Material. If a party or non-party desires to protect Confidential Material at trial, the issue should be addressed during the pre-trial conference.

(c)   <u>Other tangible items</u>: the designating party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL MATERIAL." If only a portion or portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER - 5
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIAL MATERIAL DESIGNATIONS

6.1     Timing of Challenges.  Any party or non-party may challenge a designation of Confidential Material at any time.  Unless a prompt challenge to a designating party's Confidential Material designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a Confidential Material designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The parties must first make every attempt to resolve any dispute regarding Confidential Material designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 6
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL MATERIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE CONFIDENTIAL MATERIAL

When a designating party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or

STIPULATED PROTECTIVE ORDER - 7
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

1  agreement that provides for production without prior privilege review.  The parties agree to the
2  entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

3  10.     <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

4       Within 60 days after the termination of this action, including all appeals, each receiving
5  party must return all Confidential Material to the designating party, including all copies, extracts
6  and summaries thereof or, the parties may agree upon appropriate methods of destruction.  In the
7  alternative, the receiving party may keep the Confidential Material in its possession, if the
8  receiving party agrees to abide by the terms of this Order going forward after the dismissal of this
9  action or entry of a final judgment, not subject to further appeal.

10      Notwithstanding this provision, counsel are entitled to retain archival copies of all
11 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
12 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work
13 product, even if such materials contain Confidential Material.

14      The confidentiality obligations imposed by this Order shall remain in effect until a
15 designating party agrees otherwise in writing or the Court orders otherwise.

17              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19 DATED: July 23, 2020                **Davis Wright Tremaine LLP**
                                       Attorneys for Plaintiffs United States Fidelity and
                                       Guaranty Company

                                       By *s/ Everett W. Jack, Jr.*
                                       Everett W. Jack, Jr, WSBA No. 47076
                                       1300 S.W. Fifth Ave., Ste. 2400
                                       Portland, OR 97201
                                       Telephone: (503) 241-2300
                                       Facsimile: (503) 778-5299
                                       Email:  jacke@dwt.com

STIPULATED PROTECTIVE ORDER - 8
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

|   |   |   |
|---|---|---|
| 1 |   | By *s/ Nancy A. Brownstein* |
| 2 |   | Steven P. Caplow, WSBA No. 19843<br>Nancy A. Brownstein, WSBA No. 50150 |
| 3 |   | 920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104-1610 |
| 4 |   | Telephone: 206.622.3150<br>Facsimile: 206.757.7700 |
| 5 |   | Email: nancybrownstein@dwt.com<br>Email: stevencaplow@dwt.com |
| 6 |   |   |
| 7 | DATED: July 23, 2020 | **Friedman | Rubin, PLLP**<br>Attorneys for Defendants |
| 8 |   |   |
| 9 |   |   |
| 10 |   | By *s/Kenneth R. Friedman*<br>Kenneth R. Friedman, WSBA No. 17149 |
| 11 |   | 1126 Highland Avenue<br>Bremerton, WA  98337 |
| 12 |   | Phone: (360) 782-4300<br>Fax:    (360) 782-4358 |
| 13 |   | Email: kfriedman@friedmanrubin.com |
| 14 |   |   |
| 15 |   | By *s/Richard Dykstra*<br>Richard Dykstra, WSBA No. 5114 |
| 16 |   | Alexander E. Ackel, WSBA No. 52073<br>1109 First Avenue, Suite 501 |
| 17 |   | Seattle, WA  98101<br>Phone:   (206) 501-4446 |
| 18 |   | Fax:     (206) 623-0794 |
| 19 |   | Email: rdykstra@friedmanrubin.com<br>        aackel@friedmanrubin.com |

STIPULATED PROTECTIVE ORDER - 9
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

**Bergman Draper Oslund**
Attorneys for Defendants

By *s/Justin Olson*
Matthew P. Bergman, WSBA No. 20894
Vanessa Firnhaber Oslund, WSBA No. 38252
Justin Olson, WSBA No. 51332
821 2nd Avenue, Suite 2100
Seattle, WA  98104
Phone: (206) 957-9510
Email: matt@bergmanlegal.com
vanessa@bergmanlegal.com
justin@bergmanlegal.com

STIPULATED PROTECTIVE ORDER - 10
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the designating party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection or any other privilege or protection recognized by law.

DATED this __3rd__ day of __August__, 2020.

_____
James L. Robert
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____, 2020 in the case of *United States Fidelity and Guaranty Company v. Karen Ulbricht, et al.*, Case No. 2:20-cv-00369-JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 12
(USDC NO. 2:20-CV-00369-JLR)
4841-7721-3377v.1 0023566-000119